**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| CHRISTA COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 11-cv-01020 |
| v. | ) |
| | ) |
| UGN, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is the motion for sanctions filed by Defendant on May 30, 2012 [D.E. 33]. Plaintiff has not responded. This matter has been referred to the Magistrate Judge [D.E. 35].

**Relevant Case History**

Plaintiff, who at the time was represented by an attorney, filed her lawsuit based upon alleged violations of retaliation within the Family Medical Leave Act and common law. Defendant filed an Answer and Counterclaim. After filing an Answer to the Counterclaim, counsel for the Plaintiff was allowed to withdraw on September 27, 2011 [D.E. 19]. Plaintiff has acted *pro se* since that time. On January 4, 2012, Defendant, following various efforts to communicate with Plaintiff to schedule her deposition, moved to dismiss this case for failure to prosecute. The motion was dismissed as moot when the Magistrate Judge held a hearing and Plaintiff appeared on January 23, 2012.

Subsequently, the Plaintiff failed to appear for her deposition and a show cause hearing was set for July 20, 2012, with her deposition to follow immediately at the Federal Building [D.E. 36]. This Order included the warning to Plaintiff that failure to appear for this Show Cause Hearing could result in sanctions and a recommendation to the District Court that her case be

dismissed. Plaintiff relayed through defense counsel that she had "no open dates in July." For Plaintiff's convenience, the show-cause hearing was reset for August 6, 2012, again with her deposition to follow.

On August 6, 2012, Defendant's counsel from Chicago and Defendant's local representative were present in Court for the show cause hearing and Plaintiff's deposition. Plaintiff also was present. The Court deferred on any punitive action, but again reminded Plaintiff of her responsibility to cooperate in the prosecution of her lawsuit and, specifically, to proceed with her deposition.

Shortly after adjournment of Court, defense counsel requested that the Magistrate Judge go to the deposition of Plaintiff being held in the Courthouse and advise her of the need to answer his questions. According to Counsel, Plaintiff remained silent, refusing to answer his questions during the deposition. For the second time that morning, the Magistrate Judge advised her of the need for cooperation during this discovery. Shortly thereafter, the Magistrate Judge was requested to return to the deposition, as Plaintiff persisted in her refusal to answer questions. For the third time that morning, Plaintiff was told to answer the questions and if she did not, her case could be dismissed. She was presented a clear choice of cooperating or not cooperating in discovery and risking sanctions, to include the dismissal of her lawsuit. The Defendant acknowledged this warning and advised the Magistrate Judge that she would not answer questions. At that point, her deposition was terminated and counsel for Defendant renewed his request for monetary sanctions relating to this attempt to depose the Plaintiff. In summary, the Magistrate Judge advised her on three separate occasions of the necessity of cooperating with discovery and the possible consequences if she did not.

**Report and Recommendation**

This Court finds that Plaintiff has failed to obey the Court's orders to provide or permit deposition discovery which was <u>ordered</u> in the document styled "Order Resetting Hearing Order To Show Cause" [D.E.43]. Although this Order was entered for an earlier deposition date, it was rescheduled to accommodate Plaintiff's availability to permit her deposition. As noted above, the Plaintiff, on the deposition date of August 6, 2012, was advised by this Magistrate Judge three separate times that she was to cooperate in permitting defense counsel to depose her, and she refused by not answering questions and remaining silent. After the third admonition from the Court, Plaintiff indicated she would not answer the questions and as such, the effort to depose her was terminated. It is the Magistrate Judge's recommendation that this case be dismissed in whole, and with prejudice, pursuant to Rule 37(b)(2)(A)(v).

Additionally, counsel for the Defendant made oral motions during the courtroom proceedings that day, as well as at the conclusion of the aborted deposition, that he be awarded his fees and expenses for that day. Counsel is directed to submit to the Court his statement for fees and expenses for his time preparing for the deposition and attending the deposition, as the Magistrate Judge recommends that Counsel for Defendant be awarded his reasonable and necessary fees and expenses associated with this deposition effort.

Finally, the Magistrate Judge recommends that Defendant's Motion for Sanctions [D.E. 33] be denied to the extent that it requests any additional or further relief beyond what this Magistrate Judge has recommended above.

Respectfully Submitted,

<u>**s/Edward G. Bryant**</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: <u>**August 10, 2012**</u>

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**