IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTA COOK,

    Plaintiff,

v.                                  No. 11-1020

UGN, INC.,

    Defendant.

---

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE
WITH PREJUDICE AND REFERRING MOTION TO MAGISTRATE JUDGE

---

        Pursuant to an order of reference entered on May 30, 2012, the magistrate judge issued a report and recommendation dated August 10, 2012 (D.E. 46) on the motion of the Defendant, UGN, Inc. ("UGN"), for sanctions (D.E. 33). As recounted by the magistrate judge in his report, the Defendant moved to dismiss this case for failure to prosecute on January 4, 2012 following unsuccessful efforts to communicate with the Plaintiff, Christa Cook, who at that time was proceeding *pro se*,[1] concerning her deposition. (D.E. 27.) The motion to dismiss was referred to the magistrate judge (D.E. 31), who denied the request as moot upon Cook's appearance at a hearing conducted January 23, 2012 (D.E. 28, 32). UGN subsequently made the instant motion for sanctions under Rule 37 in connection with her refusal to appear for deposition or otherwise participate in discovery. (D.E. 33.) On June 25, 2012, Judge Bryant scheduled a show cause hearing to be held on July 20, 2012. (D.E. 36.) The order stated that Plaintiff's deposition would be conducted immediately after the show cause hearing and that Cook's failure to appear may result in sanctions

---

[1] Plaintiff's counsel was permitted to withdraw on September 27, 2011. (D.E. 19.)

and a recommendation to the district judge that the case be dismissed. (Id.) Following Plaintiff's notice to Defendant's counsel that she would not appear for the show cause hearing due to a scheduling conflict, the hearing was reset for August 6, 2012. (D.E. 43.) In his order of resetting, the magistrate judge directed Cook to appear at the hearing and advised her that no further resettings would be permitted. (Id.) Plaintiff was again advised that failure to appear may result in sanctions and a recommendation of dismissal. (Id.) According to the report and recommendation, while the Plaintiff appeared for the show cause hearing, she refused to answer questions during the deposition conducted thereafter, despite repeated admonishments by the magistrate judge that her continued refusal to cooperate might result in dismissal of her lawsuit. (D.E. 46.)

Based on this chain of events, the magistrate judge recommended that this matter be dismissed in its entirety and with prejudice pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, which permits imposition of sanctions, including dismissal, for failure to comply with orders of the Court. Judge Bryant also recommended that counsel be awarded reasonable and necessary fees and expenses relating to the deposition effort and directed Defendant's attorney to submit a statement for fees and costs associated with preparing for and attending the deposition. The magistrate judge recommended that Defendant's motion for sanctions (D.E. 33) be denied to the extent it sought additional relief beyond the deposition fees and costs referenced above. No objections to the report and recommendation have been filed by either party.

On determining whether dismissal is warranted under Rule 37(b)(2)(A), courts are to consider the following factors:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

were imposed or considered before dismissal was ordered.

Smith v. Nationwide Mut. Fire Ins. Co., 410 F. App'x 891, 894 (6th Cir. 2010) (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997)) (internal quotation marks omitted). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." Id. at 894-95 (quoting United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)). "'Willfulness, bad faith, or fault'" are present when the party to be sanctioned exhibits an "intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008); *see also* Direct Line Corp. v. Carrington, No. 3:10-0423, 2012 WL 3263920, at *1 (M.D. Tenn. Aug. 9, 2012). Due to the harsh nature of the sanction, it should be reserved for "extreme situations showing a clear record of contumacious conduct by the plaintiff." Schafer, 529 F.3d at 736. "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" Id. at 737.

Willfulness, bad faith, fault and contumacious conduct on the part of a plaintiff is perhaps more clearly visible in this case than in any ever presented to this Court. The remaining considerations also favor dismissal, as the Defendant was unquestionably prejudiced by Cook's refusal to cooperate in that it was prevented from taking discovery; the Plaintiff was repeatedly warned that her conduct could result in sanctions as well as a recommendation that the case be dismissed; and any measure less drastic than dismissal would, at this point, be an inadequate remedy. Having reviewed the magistrate judge's report and recommendation, and the entire record of the proceeding before the magistrate judge, the Court ADOPTS the magistrate judge's report and recommendation. It is therefore ORDERED that the magistrate judge's report and recommendation is hereby ADOPTED. This matter is DISMISSED WITH PREJUDICE. There

remains pending in this case a motion by the Defendant for attorney's fees and costs pursuant to the report and recommendation, which the Court construes as a response to Judge Bryant's directive to counsel to submit a statement of fees and costs. (D.E. 47.) In any case, the motion is REFERRED to the magistrate judge for disposition.

    IT IS SO ORDERED this 4th day of September 2012.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE